JS - 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | **SACV 12-1268 AG (RNBx)** | Date | August 28, 2012 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A. v. GARRY AND MARILYN BEENEY | | |

| Present: The Honorable | ANDREW J. GUILFORD | | |
|---|---|---|---|
| Lisa Bredahl | Not Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | | |

**Proceedings:**   **[IN CHAMBERS] ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION**

On April 23, 2012, Plaintiff Bank of America, N.A., as trustee for the benefit of the Harborview 2006-1 Trust Fund, ("Plaintiff") filed an unlawful detainer action against Defendants Garry W. Beeney and Marilyn E. Beeney in Orange County Superior Court. Defendant Marilyn Beeney ("Defendant") filed a Notice of Removal in pro se on August 7, 2012.

Plaintiff's Complaint states a simple state cause of action for unlawful detainer. The nearly incomprehensible Notice of Removal appears to argue that federal jurisdiction is proper based on diversity jurisdiction. But review of the Complaint makes clear that Defendant's argument fails. Defendant has failed to assert the citizenship of either party. *See Kanter v. Warner-Lamert Co.*, 265 F.3d 853, 857-858 (9th Cir. 2001) ("Failure to specify [a party's] state citizenship [is] fatal to [an] assertion of diversity jurisdiction.")

Defendant has also failed to establish that the amount in controversy exceeds $75,000. When the plaintiff has pled less than the jurisdictional amount, a removing defendant

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 12-1268 AG (RNBx)** | Date | August 28, 2012 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A. v. GARRY AND MARILYN BEENEY | | |

must establish "to a legal certainty that the amount in controversy exceeds the statutory minimum." *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007). While Defendant asserts that the amount in controversy exceeds $75,000, there is nothing in the Complaint or the Notice of Removal to justify this determination. In the Complaint, Plaintiff seeks damages at the rate of $50 per day, beginning on September 28, 2011, for a total of "under $10,000." (Complaint, Dkt. No. 1, at 1, 3.) Defendant asserts that "the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs." (Defendant's Notice of Removal, Dkt. No. 1, 2:20-21.) Defendant also refers to "claims over Controversy of real Property that Exceeded over $350,000.00 and Quiet Title Action, wherefore District Court Never granted order." (*Id.* at 3:15-17.) But Plaintiff seeks neither $350,000 nor title to any real property. Defendant's unsupported assertions are insufficient to prove "to a legal certainty" that the amount in controversy exceeds $75,000. *Lowdermilk*, 479 F.3d at 999.

Further, in unlawful detainer actions, "[s]peedy adjudication is desirable to prevent subjecting the landlord to undeserved economic loss and the tenant to unmerited harassment and dispossession when his lease or rental agreement gives him the right to peaceful and undisturbed possession of the property." *Lindsey v. Normet*, 405 U.S. 56, 73 (1972). Improper removal of unlawful detainer cases harms the concerns stated in *Lindsey*. Defendant is cautioned not to improperly seek federal jurisdiction, particularly for delay.

In sum, Defendant fails to establish that federal jurisdiction exists over this case. Thus, the case is REMANDED to the appropriate state court.

: 0

Initials of Preparer     lmb

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **SACV 12-1268 AG (RNBx)** | Date | August 28, 2012 |
|---|---|---|---|
| Title | BANK OF AMERICA, N.A. v. GARRY AND MARILYN BEENEY | | |